UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD DOUGLAS HILL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 22-2553 (UNA) |

**MEMORANDUM OPINION**

Petitioner, appearing *pro se*, has filed a petition for a writ of mandamus, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's case against a governmental entity if the Court determines that the action fails to state a claim upon which relief may be granted.

Petitioner is an Oklahoma state prisoner who is "an enrolled member of the Chickasaw Nation[.]" Pet. at 1. He is serving a 150-year term of imprisonment imposed by the Oklahoma County District Court for "crimes occurring outside the boundaries of the Choctaw/Chickasaw Nation reservation." *Id.* In an apparent challenge to the Oklahoma court's jurisdiction, Petitioner deems his detention "illegal," and demands a writ of mandamus "compelling Respondents to investigate [and] if necessary, prosecute Oklahoma state officials" for detaining him illegally. *Id.* at 2.

1

Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). Petitioner has an available remedy in habeas. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars 2 affecting its duration are the province of habeas corpus [.]") (citation omitted)); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). And where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988). Therefore, this case will be dismissed by separate order.

DATE: September 29, 2022

_____
JIA M. COBB
United States District Judge